

DA 10-0271

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 8N

LOKEN BUILDERS, INC.,

        Plaintiff and Appellee,

   v.

SHARON R. BOYCE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                      In and For the County of Missoula, Cause No. DV-06-1036
                      Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Sharon R. Boyce (Self-Represented), Missoula, Montana

        For Appellee:

                David J. Steele, II., Geiszler & Froines, PC, Missoula, Montana

                                  Submitted on Briefs:  January 5, 2011

                                          Decided:   January 26, 2011

Filed:

                                          Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court, and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Sharon Boyce and Loken Builders entered into a contract under which Loken agreed to remodel a house owned by Boyce. Ultimately Boyce was dissatisfied with the work and refused to pay a final installment payment. Loken filed a construction lien against the property and litigation ensued. A jury ruled in favor of Loken and Boyce's counterclaims were dismissed. The court issued an order directing a foreclosure sale and awarding Loken a deficiency judgment and attorney fees. Boyce appeals several rulings issued by the District Court. We affirm.

## ISSUES

¶3 A restatement of Boyce's issues on appeal is:

¶4 Did the District Court err when it denied Boyce's summary judgment motion asserting Loken's construction lien was invalid?

¶5 Did the District Court abuse its discretion when it denied Boyce's motion to amend the pretrial order to extend discovery, designate an expert witness, and designate lay witnesses and exhibits?

2

¶6   Did the District Court abuse its discretion when it truncated the time allotted for Boyce's presentation of her case at trial, and denied her the right to present a rebuttal?

¶7   Did the District Court abuse its discretion when it granted attorney fees to Loken?

**STANDARDS OF REVIEW**

¶8   We review an order granting or denying a motion for summary judgment de novo. *Alexander v. Bozeman Motors, Inc.*, 2010 MT 135, ¶ 15, 356 Mont. 439, 234 P.3d 880.

¶9   We review a district court's discretionary rulings, such as denying a motion to amend the pretrial order, denying rebuttal evidence, and awarding attorney fees, for an abuse of discretion. *Hobble-Diamond Cattle Co. v. Triangle Irrigation Co.*, 249 Mont. 322, 323, 815 P.2d 1153, 1154 (1991) ("The sole issue on appeal is whether the [d]istrict [c]ourt abused its discretion in denying Hobble-Diamond's motion to amend . . . the pretrial order . . . ."); *Massman v. Helena*, 237 Mont. 234, 243, 773 P.2d 1206, 1211 (1989) ("A determination of whether proposed testimony is admissible as rebuttal testimony in any given case is within the sound discretion of the [d]istrict [c]ourt, and we will not reverse the [d]istrict [c]ourt's ruling unless it abused this discretion."); and *Kuhr v. City of Billings*, 2007 MT 201, ¶ 14, 338 Mont. 402, 168 P.3d 615 (We review a district court's grant or denial of attorney fees for abuse of discretion.).

**DISCUSSION**

¶10  Boyce asserts the District Court incorrectly concluded that Loken's construction lien was valid. She claims that Loken failed to properly serve the lien and that the lien did not include a proper description of materials furnished or services performed. The District Court conducted a hearing on Boyce's summary judgment motion and called for

3

post-hearing briefs. In its written Opinion and Order in July 2008, the court clearly set forth its reasons for adopting the "substantial compliance" rationale of *Simkins-Hallin Lumber Co. v. Simonson*, 214 Mont 36, 692 P.2d 424 (1989), over the strict construction rationale applied in the 19th century cases cited in Boyce's post-hearing brief. Under the specific facts of this case, the District Court's application of *Simkins-Hallin* and its legal determination of the lien validity were not incorrect.

¶11 The remaining issues raised by Boyce are trial administration matters which fall within the broad discretion of the trial court. *Buhmann v. State*, 2008 MT 465, ¶ 41, 348 Mont. 205, 201 P.3d 70. Our review of the extensive record leads us to conclude that the District Court's rulings on these issues were not arbitrary, did not lack employment of conscientious judgment, and did not exceed the bounds of reasoning. The District Court did not abuse its discretion when it denied Boyce's motion to amend the pretrial order to reopen and extend discovery more than a year after discovery had closed. We also find no abuse of discretion by the District Court's allocation of trial time to the parties—40% to Loken and 60% to Boyce—nor in its ruling that Boyce was not entitled to surrebuttal as Loken did not offer rebuttal at trial. Lastly, given that the construction lien statutes and the construction contract between the parties both contain an attorney fee provision and Loken prayed for attorney fees in its complaint, the District Court did not abuse its discretion in awarding fees to Loken.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for

4

memorandum opinions.  It is manifest on the record before us that the District Court did

not err or abuse its discretion in its disposition of this matter.  We therefore affirm.


/S/ PATRICIA COTTER



We concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ BETH BAKER
/S/ JAMES C. NELSON